UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| THOMAS M. COOLEY LAW SCHOOL, | : | **Case Number 11-cv-0844** |
| A Michigan nonprofit corporation | : | Hon. Robert J. Jonker |
| Plaintiffs, | : | |
| v. | : | |
| KURZON STRAUSS LLP, a New York Limited Liability Partnership, DAVID ANZISKA and JESSE STRAUSS | : | |
| Defendants. | : | |

**Miller, Canfield, Paddock & Stone, PLC**
Michael P. Coakley (P34578)
Brad H. Sysol (P58138)
Paul D. Hudson (P69844)
150 West Jefferson Suite 2400
Detroit, MI 48266
Phone (313) 963-6420
Attorneys for Plaintiff
Thomas Plaintiff Law School

Steven Hyder (P69875)
**The Hyder Law Firm, P.C.**
PO Box 2242
2500 Monroe, MI 48161
hyders@hyderlawfirm.net
Phone (734) 757-4586


/s/ Jesse Strauss
Jesse Strauss (admitted NY – 4182002)
**Strauss Law, PLLC**
305 Broadway, 9th Fl.
New York, NY 10007
Phone (212) 822-1496
Facsimile (212) 822-1407
Attorneys for Defendants

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR A LIMITED RELIFE FROM THE CONFIDENTIALITY ORDER, IN SUPPORT OF DEFENDANTS' REQUEST TO TENDER UNSEALED COPIES OF DOCKET NUMBER 193, 181,182, 183, 189, 190, 195, 199, 207, 208, 209, 210, 242, 248, IN SUPPORT OF DEFENDANTS' MOTION TO UNSEAL DOCKET NUMBER 140, 143, 147, 152, AND 153. AND FOR COSTS AND FEES FOR THIS MOTION**

A. **The Parties Should be Granted Limited Relief from the Confidentiality Order**

On September 30, 2013 this Court granted Defendant David Anziaka, Jesse Strauss and Kurzon LLP's ("Defendants") motions for summary judgment. ECF Docket Number 314 ("Decision and Order"). Judgment was entered in Defendants' favor that same day. ECF Docket Number 315. Plaintiff Thomas M. Cooley Law School ("Cooley") disagreed with the Decision and Order. To emphasize how wrong the Court's decision was, Cooley almost instantly filed a notice of appeal of the Decision and Order and publically disparaged Defendants and the Court in the following widely disseminated press release (false comments in bold):

> U.S. District Court Judge Robert Jonker today dismissed a defamation lawsuit which Thomas M. Cooley Law School filed in July 2011 against the New York-based Kurzon Strauss law firm after **that firm falsely accused the law school of fraudulently misrepresenting its post-graduate employment statistics.** Cooley recently prevailed in the U.S. Court of Appeals for the Sixth Circuit when the appeals court affirmed the dismissal of a separate lawsuit Kurzon Strauss had filed against Cooley over the supposed misrepresentations, specifically finding that Cooley had not fraudulently reported any of its employment data.
> In dismissing Cooley's defamation case today, the Court chose not to address the defamatory nature of **Kurzon Strauss's false accusations against Cooley**, but instead ruled that Cooley could not prove **that the Kurzon Strauss lawyers defamed Cooley** with "actual malice."
> **"After a federal trial court and a federal appeals court both found the Kurzon Strauss misrepresentation case against Cooley to be without merit, it's hard to reconcile Judge Jonker's ruling that Kurzon Strauss's unfounded accusations can't be pursued as defamation" said Jim Thelen, Cooley's Associate Dean for Legal Affairs and General Counsel.**
> "We will pursue the case in the appeals court now, where we'll have a new hearing on these issues," Thelen continued.
> In its unsuccessful misrepresentation case against Cooley over Cooley's reported post-graduate employment statistics—one of several unsuccessful cases it filed against law schools around the country—**the Kurzon Strauss firm had solicited Cooley graduates over the Internet** to file claims that Cooley fraudulently misrepresented its graduates' employment status in order to dupe them into attending law school. But Judge Gordon Quist of the U.S. District Court for the Western District of Michigan dismissed that case in July 2012, finding it to be completely without legal merit. The Sixth Circuit Court of Appeals affirmed that ruling this summer. Seven other cases like it around the country have also been dismissed.

1

A copy of the press release is annexed hereto as Exhibit A.[1] Cooley then placed an article in the Grand Rapids Journal in which it again stated its belief that Defendants defamed it and its associate dean stated "it's important that organizations be able to protect their reputation from unfounded accusations." A copy of the Grand Rapids Business Journal article is annexed hereto as Exhibit B.

Despite the Decision and Order finding no liability, Cooley apparently remains adamant that it has been defamed by the Defendants and, in addition to embarking on a public relations campaign, demands "a new hearing on these issues." In light of Cooley's position and its public relations campaign, on October 3, Defendants asked Cooley to agree that the Amended Confidentiality Agreement and Protective Order (ECF Docket Number 120) ("Confidentiality Order"), copy of which is annexed hereto as Exhibit C, allowed each party to use Confidential Discovery Material <u>filed with the court</u> for any purpose.  Cooley's response to this proposal was that "we absolutely do not agree with your position that 'the presumption of public access to judicial documents already allows us to use Confidential Discovery Material <u>filed with the court</u> for any purpose . . .  Any violation of the terms of the Stipulated Confidentiality Order will be strictly enforced."  A copy of the email from Brad Sysol to Jesse Strauss, dated October 7, 2013 is annexed hereto as Exhibit D.

Cooley is acting in bad faith: The Court has already found that the presumption to public access governs all documents filed with the Court. This necessarily includes Confidential

---

[1] Cooley's comments are false: each of the accusations made by Mr. Anziaka (and not the defunct Kurzon Strauss firm) in his internet posting of June 8, 2011 and the draft complaint he circulated to no more than 20 interested persons was believed to be <u>true</u> when made (ECF Dkt. No. 186 and 187), and all but one are believed to remain <u>true</u> to this day. Moreover, Defendants moved for summary judgment based on substantial truth (*Id.*) and the Decision and Order expressly finds that Mr. Anziska's statements regarding Cooley's inflating its post-graudate employment data may "actually be substantially true." ECF Dkt. No. 314, p. 13-14.

Discovery Material. The parties, like the general public, have the right to use Confidential Discovery material <u>filed with the court</u> to contest and evaluate Cooley's continued claims that Defendants defamed it, as well as for any other purpose. Cooley's public efforts to continue to claim it was defamed, in spite of the Decision and Order, renders access to, and the use of, Confidential Discovery Material publically <u>filed with the court</u> even more important. As the Court has stated regarding the sealing of documents *in this case*:

> Civil litigation is a public enterprise that involves the exercise of governmental power, and the public has a proper interest in reviewing the exercise of governmental power. Meaningful review requires access to the information upon which the government decides to act or not to act. That is why the records of civil litigation are presumptively public, and why a litigant must meet a high bar in overcoming the presumption of public access. A document <u>filed with the court</u> becomes a judicial record. *Pansy v. Stroudsburg*, 23, F.3d 772, 781 (3d Cir. 1994). "When a district court relies upon a document 'in determining the litigants' substantive rights, and in performing its adjudicatory function . . . [t]he common law presumption of public access' attaches to the document." *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679, 690 (W.D. Mich. 1996) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (alteration in original)). A court's decision to seal a record is governed by a balancing test that generally favors public availability. *See* In re *Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) (holding that only the most compelling reasons justify nondisclosure of judicial records).
>
> In this case, the parties have presented nothing that overcomes the strong presumption in favor of public access to judicial records. To determine whether the parties have overcome the presumption of access, the Court balances the public's interest against the parties' interest in confidentiality. *Picard*, 951 F. Supp. at 691 (citing *Matter of Continental*, 732 F.2d 1302, 1313 (7th Cir. 1984)). The "preference for public access is rooted in the public's first amendment right to know about the administration of justice." *Id.* (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994)). Public access "helps safeguard 'the integrity, quality and respect in our judicial system' and permits the public to 'keep a watchful eye on the workings of public agencies.'" *Id.* (quoting *Orion*, 21 F.3d at 26). The parties have not made the kind of particularized showing of serious harm to its financial and competitive position (e.g., exposure of trade secrets) that might warrant a seal. *See Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743, 745-46 (citing *Waelde v. Merch, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981)). There is no showing to overcome the strong presumption favoring public access to judicial records. the presumption of public access cannot be overcome simply because one party or the other would prefer to

>  continue the secrecy of the discovery process. **<u>This is especially true when the party most actively seeking secrecy is the party that initiated the lawsuit in the first place. A party that invokes the Court's assistance in seeking money damages should reasonably expect public disclosure of the information supporting its claim for damages by the time the case reaches an adjudicative stage.</u>**
>
>  Finally, though this is not a controlling factor, the Court notes that this is a defamation and business tort case brought by a law school against several attorneys who are presently acting as counsel for students or former students of the law school in separate litigation. In the Court's view, this makes the general presumption of public access even more resilient in this case. The ever present interest of public accountability is amplified in a case like this that has already drawn actual--not merely hypothetical--public interest, and that has potential to impinge on First Amendment interests, and on the relationship between lawyers and their clients or prospective clients.

*See* October 1, 2012 order regarding sealing (ECF Docket Number 258).   Accordingly, Cooley has no basis not allow the parties to use publically filed Confidential Discovery Material for any purpose.  The parties should thus be granted limited relief from the Confidentiality Order so that publically filed Confidential Discovery Material can be used by either party to contest and evaluate Cooley's continued claims that Defendants defamed it for any other purpose.  As set forth below, Cooley was needlessly increasing the burden on Defendants and the Court by requiring this motion for relief to be filed rather than agreeing that publicly filed Confidential Discovery Material could be used by either party to contest and evaluate Cooley's continued claims that it was defamed by Defendants.

Relief from the Confidentiality Order is appropriate. First, allowing the parties to use Confidential Discovery Material <u>filed with the court</u> (judicial records) for any other purpose is not a substantial revision to the Confidentiality Order because the Confidentiality Order clearly states that "The parties are advised that filing under seal requires a judicial finding of good cause, and that good cause for this discovery protective order under Rule 26(c) is not the same thing as good cause for filing under seal." *See* Exhibit C, Confidentiality Order.  This provision

4

was added to the Confidentiality Order because in the Sixth Circuit there is a strong presumption of public access to any document filed with the Court.[2] *See In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983); *Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n,* 710 F.2d 1165, 1179 (6th Cir. 1983) (holding that "simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records"). The law supports relief under these circumstances. *See In re Southeastern Milk Antitrust Litigation*, 666 F. Supp. 2d 908, 914 (E.D. Tenn. 2009) ("A protective order is always subject to modification or termination for good cause, even where the parties have consented to its entry"); *Lawrence v. Van Aken,* 2004 U.S. Dist. LEXIS 956, 2004 WL 228989, 8 (W.D.Mich., 2004) (It is well-established that a district court retains the power to modify or lift confidentiality orders that it has entered").

Time and again this Court has found that regardless of the level of protection provided to material exchanged during discovery, once a document is filed with the Court, it is presumed to be public and may be used by the public – or a party – for any purpose. For example, in *Picard Chem. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679, 691 (W.D. Mich. 1996) this Court

---

[2] Defendants are requesting limiting relief from the Confidentiality Order, not a modification of it. However, even if a modification was requested, it would be appropriate. The Sixth Circuit has determined that the where the parties have relied on a confidentiality agreement in making their productions, the confidentiality agreement should not be modified absent extraordinary circumstances. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 478 (6th Cir. Tenn. 1983) ("we do note that the bank placed significant reliance upon the protective order. Once placed in this position, only "extraordinary circumstances" or "compelling need" warrant the reversal of a protective order"). However, in this matter neither party relied on the Confidentiality Order to maintain the secrecy of documents *filed with the Court on the record* inasmuch as each party was well aware of the judicial presumption of public access. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. N.J. 2001) ("The status of a document as a "judicial record," in turn, depends on whether a document has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings").

determined that even a clearly attorney client privileged document <u>filed with the court</u> became presumptively public because "once the Report is submitted to this Court to induce reliance upon the Report, the public interest in open adjudication outweighs the interests underlying the attorney-client privilege and work product immunity. Therefore, although the Report is protected by both the attorney-client privilege and work product immunity, the Report will have to be disclosed to the public once the Report is submitted to the Court." *Id.* Here, the parties, having chosen to file Confidential Discovery Material with the Court, were well aware that those materials were entering the public record. This is issue is not new, and the parties had no expectation that Confidential Discovery Material <u>filed with the court</u> would be anything other than public. Indeed, the parties kept filing Confidential Discovery Material on the record even after the Court denied sealing motions (Docket Number 258) and *Cooley made no effort to have the newly filed Confidential Discovery Material placed under seal.* In fact, Cooley even filed Confidential Discovery Material on the public record after the sealing motion was denied. *See* Docket Number 276 – 284 (Cooley's Opposition to Defendants' motions for summary judgment, contain myriad Confidential Discovery Material). Cooley current position that the parties do not have the right under the Confidentiality Order to use publically filed Confidential Discovery Material to contest and evaluate Cooley's continued claim that Defendants defamed it is unsupportable. To the extent Cooley will not consent, limited relief should be provided by the Court.

Finally, the Confidentiality Order allows the use of Confidential Discovery Material in the *John MacDonald et al. v. Thomas Cooley Law School et al., Number 11-cv-0083* (W.D. Mich.) after discovery begins in that matter. Exhibit C, p. 3. *See Ceglia v. Zuckerberg*, Number 10 Civ. 569, 2011 U.S. Dist. LEXIS 90280, at *2 (W.D.N.Y. Aug. 12, 2011) ("In determining

whether a party has reasonably relied on . . . designation[s of confidentiality], courts consider the scope of the protective order, the language of the order, the extent of the court's inquiry before entry of the order and the 'nature of the reliance on the order.'") Thus, the Confidentiality Order was limited and both parties expected that Confidential Discovery Material would be used in the *MacDonald* matter if that matter reached the discovery phase.

And even assuming that relief from the Confidentiality Order can only be granted under "extraordinary circumstances," such circumstances are present. *See Dow Chem. Co. v. Reinhard*, 2008 U.S. Dist. LEXIS 36023, 24 (E.D. Mich. May 2, 2008). As the Court previously recognized, Cooley chose to file its lawsuit in a public court and then, when the Court dismissed the lawsuit, Cooley chose to publically attack Defendants and the Court in a press relase and in an article in the Grand Rapids Business Journal. This is not the first time Cooley has gone on the attack. On July 11, 2011, Cooley publicly accused Defendants of making false statements. *See* Exhibit E. Defendants are licensed sister-state attorneys with unblemished disciplinary records. Defendants each have law practices and wish to defend their law practices from false attacks. Cooley's attacks create the extraordinary circumstances that require limited relief from the Confidentiality Order so that either party can use publically filed Confidential Discovery Material to contest and evaluate Cooley's continued claims that Defendants defamed it and for any other purpose. Finally, as Cooley is an institution of higher learning subject to state and federal regulation, as well as regulation by the American Bar Association, and Cooley's employment statistics are a matter of public controversy, regulators and the media may also wish to use Confidential Discovery Material <u>filed with the court</u> to contest and evaluate Cooley's continued claims that Defendants defamed it and for any other purpose. Using Confidential Discovery Material previously publically filed on the court's record is necessary and important

for the parties and regulators to engage in a public debate regarding Cooley's accusations, and relief from the Confidentiality Order should be granted to allow that debate to occur.

### B. Pursuant to Local Rule 10.6(b) the Court Should Require the Submitting Party to Tender Modified Documents Number 93, 140, 143, 147, 152, 153,181,182, 183, 189, 190, 195, 199, 207, 208, 209, 210, 242, and 248 So That They May Be Placed On the Record Unsealed.

Upon review of the docket Defendants realized that inspite of the Court's order of October 1, 2012 (Docket Number 258) denying the parties' motions to seal certain documents (motions that were denied appear at Docket Number 180, 188, 194, 206, 241, 247) the following documents remain sealed on the docket, or have been filed in redacted form, thus impermissibly concealing important information from the public despite the Court's order unsealing these documents:[3] Docket Number 93, 181, 182, 183, 189, 190, 195, 199, 207, 208, 209, 210, 242, and 248. The Court should order the submitting party to tender these documents again, and file them unsealed.

When alerted to that documents deemed to be publically accessible remained sealed, Cooley declined to join in the motion or offer its consent. Rather, it stated it would not oppose the motion. Nevertheless, Cooley required Defendants to make this motion and required the Court to determine it, taxing Defendants and the Court's resources. As set forth below, Cooley's actions are sanctionable.

---

[3] Defendants contend that the only document that should remain sealed is Docket No. 227 "Brief in Support of Motion to Vacate the Courts Order Approving Plaintiffs and Defendants Joint Stipulation and Order to Remove this Matter from Case Evaluation and Submit Case to Voluntary Facilitative Mediation After the Early Settlement Conference Before Magistrate Judge Carmody (ECF Dkt. No. 169) and to Exempt the Matter from Court Mandated Alternative Dispute Resolution Required by Local Rule 16.5(a)." As the court has previously determined, there was good cause to file this document under seal because "the content of the brief largely tracks the settlement history of the matter, which is a matter of general confidential concern, especially in this Circuit under Goodyear Tire & Rubber Company v. Chiles Power Supply, Inc., 332 F.3d 976 (6th Cir. 2003). See ECF Dkt. No. 259.

Cooley's vexatious litigation tactics aside, inasmuch as the Court has already determined that the presumption of public access applies to these documents pursuant to Local Rule 10.6, the court should order that the party which submitted these documents tender modified version and those documents be placed on the record unsealed.[4] Otherwise, documents to which the presumption of public access applies are impermissibly shielded from public view. Additionally, inasmuch as Cooley will be appealing the matter, the Sixth Circuit, as well as the public, will require access to these docket entries. Indeed, it is difficult to understate the public interest in a case where the largest law school in America is pursuing a business tort action against lawyers who represented its own alumni suing it. *See e.g. Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. Ky. 1983) ("In either the civil or the criminal courtroom, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption").

### C. The Should Unseal Docket Number 139, 140, 143, 147, 152, and 153 and Require the Submitting Party to Tender Modified Documents to be Filed Unsealed.

Without considering whether there was an exception warranting a deviation from the strong presumption of public access attaching to publicly filed documents, the Court permitted document numbers 139, 140, 143, 147, 152 and 153 to be filed under seal. This was improper. No party has made any showing that would permit these documents to be filed under seal (*See* ECF Docket Number 258), an the Court should unseal these documents to the public. When asked to consent to this common sense motion, Cooley's counsel rather quizzically replied "there is no order unsealing these documents, and we see no reason to ask the court to do so now that

---

[4] Additionally, as Plaintiff has announced its intent to appeal the ruling, the Sixth Circuit Court of appeals may require access to these documents and it is unclear whether they would be able to do so if the documents remain sealed.

9

the matter is on appeal" *See* Exhibit D. Again, despite choosing a public forum and embarking on a public relations campaign, improperly and hypocritically opts for secrecy.

It is respectfully submitted that the reason to request these documents to be unsealed is that they were improperly sealed in the first instance and there is no basis for them to remain sealed. Document number 139, 140, 147, 152 and 153 were sealed by the Court as per Defendants' motion which was based on an incorrect reading of the text of the Confidentiality Order and an improper belief that the Confidentiality Order was enough to keep Confidential Discovery Material out of the public record. *See* ECF Docket Number 161 and 163. This mistake was mutual: Cooley filed document number 143 under seal without so much as asking the Court's permission to do so. Rather, Cooley simply relied on the Confidentiality Order to do so in violation of the Confidentiality Order's express provisions. *See* ECF Docket Number 143.

Aside from the parties' impermissible desire to keep certain information out of the public record despite using this public forum, there is no good cause to keep these documents under seal. This is especially true in light of the Court's order unsealing other documents improperly filed under seal. *See* Docket Number 258. The Court should now unseal Docket Number 139, 140, 143, 147, 152, and 153 and require the submitting party to tender modified documents which will be open to public inspection.

### D. Defendants Should be Awarded Costs and Fees Associated with this Motion

Cooley's use of a public forum to adjudicate its dispute with Defendants and its attempt to then shield publically filed Confidential Discovery Material from the public view is untenable. Equally untenable is Cooley's refusal to consent to a common sense request to allow any party, as well as the public, to use Confidential Discovery Material <u>filed with the court</u> for any purpose and Defendants' request to allow the parties to file unsealed copies of documents *the court has*

10

*already found to be subject to the presumption of public access.*  In other words, this motion was wholly unnecessary had Cooley simply conceded that documents <u>filed with the court</u> could be used by either party for any purpose without violating the Confidentiality Order and conceded that new copies of documents that had previously been improperly sealed should be tendered to the Court and unsealed versions be refiled. In light of the Court's prior rulings on this very issue, Cooley's failure to consent was in bad faith. Accordingly, the Court should exercise its discretion powers to sanction Cooley for its vexatious litigation tactics and order Cooley to pay Defendants fees and costs associated with this motion.  *See* 28 U.S.C. § 1927*; Riddle v. Egensperger,* 266 F.3d 542, 553 (6th Cir. 2001).

DATED: October 11, 2013　　　　　　　　　　　RESPECTFULLY SUBMITTED,
　　　　　　　　　　　　　　　　　　　　　　　STRAUSS LAW PLLC

　　　　　　　　　　　　　　　　　　By:　　/s/ Jesse Strauss_____
　　　　　　　　　　　　　　　　　　　　　Jesse Strauss (NY 4182002)
　　　　　　　　　　　　　　　　　　　　　STRAUSS LAW PLLC
　　　　　　　　　　　　　　　　　　　　　305 Broadway, 7th Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10007
　　　　　　　　　　　　　　　　　　　　　jesse@strausslawpllc.com
　　　　　　　　　　　　　　　　　　　　　Phone (212) 822-1496
　　　　　　　　　　　　　　　　　　　　　Facsimile (212) 822-1407

　　　　　　　　　　　　　　　　　　　　　Steven Hyder (P69875)
　　　　　　　　　　　　　　　　　　　　　The Hyder Law Firm, PC
　　　　　　　　　　　　　　　　　　　　　PO Box 2242
　　　　　　　　　　　　　　　　　　　　　Monroe, MI 48161
　　　　　　　　　　　　　　　　　　　　　hyders@hyderlawfirm.com
　　　　　　　　　　　　　　　　　　　　　Phone (734) 757-4586
　　　　　　　　　　　　　　　　　　　　　*Local Counsel*